IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EUGENE L. THOMPSON,        ) | |
|     Petitioner,        ) | Civil Action No. 7:23cv00657 |
|             ) | |
| v.        ) | |
|             ) | |
| CHADWICK S. DOTSON,        ) | By:  Elizabeth K. Dillon |
|     Respondent.        ) | United States District Judge |

**MEMORANDUM OPINION**

Eugene L. Thompson, a Virginia inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 8, 2023, the court issued an order directing Thompson to address the timeliness of his petition and whether he has exhausted his claims in state court. (Dkt. No. 4.) Thompson's response has been received and reviewed by the court. (Dkt. No. 5.) For the reasons set forth below, Thompson's petition will be dismissed as untimely.

The applicable statute of limitations requires a petitioner to file a § 2254 petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A).[1] Thus, the court first must determine the date on which Thompson's judgment became final to determine when the statute of limitations started running.

Thompson was convicted in the Circuit Court of Campbell County of three counts of distribution of methamphetamine and sentenced to fifteen years' incarceration. He was convicted on July 19, 2018, and sentenced on November 18, 2018. Case No. CR17000348-00;

---

[1] Section 2244(d)(1) provides alternative dates for the start of the one-year period, but none of the other statutory provisions apply, nor have they been raised by petitioner. The full statute was quoted verbatim in the conditional filing order that directed petitioner to address timeliness.

348-01; 348-02.  On July 26, 2019, Virginia's Court of Appeals refused Thompson's petition for appeal.  The Supreme Court of Virginia subsequently refused Thompson's petition for appeal on February 21, 2020.  *See* Va. S. Ct., SCV Record No. 191108.  Thompson then had 90 days to file a petition for certiorari in the United States Supreme Court.  Thompson did not file such a petition, so the judgment became final on May 21, 2020, starting the one-year statute of limitations.

Thompson filed this § 2254 petition on October 5, 2023, more than two years after the expiration of the statute of limitations.  However, on January 29, 2021—after the limitations period commenced, but before the limitations period expired—Thompson filed a habeas petition in state court.  *See* Va. S. Ct., SCV Record No. 210132.  Thompson's state habeas petition was pending until March 16, 2023, when it was dismissed by the Supreme Court of Virginia.  (*See* Ex. A, Dkt. No. 5-1.)  The one-year limitation period was tolled during the time the state habeas petition was pending pursuant to § 2244(d)(2), which provides that periods of time during which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under § 2244(d)(1)."  Even after excluding this time, however, Thompson's § 2254 petition is still untimely because the time between the beginning of the limitations period and the date Thompson filed his state habeas petition, added to the time between the Supreme Court of Virginia's dismissal of the state habeas petition and the date Thompson filed this § 2254 petition, exceeds one year.[2]  Thompson does not argue that the limitations period should be equitably tolled or that he is actually innocent.  *See VonEime v. Hamilton*, Case No. 7:20-cv-00746, 2022

---

[2] The number of days between May 21, 2020, the beginning of the limitations period, and January 29, 2021, when Thompson filed his state habeas petition, is 253 days.  The number of days between March 16, 2023, the date the Supreme Court of Virginia dismissed Thompson's state habeas petition, and October 5, 2023, the date Thompson filed this action by placing it in the prison mailing system, is 203 days.

2

WL 124737, at *4 (W.D. Va. Jan. 12, 2022) (explaining that "[t]hree possible ways exist for a petitioner to avoid the harsh effect of the statute of limitations: Statutory tolling, equitable tolling, or actual innocence"). Accordingly, Thompson's § 2254 petition is barred by the statute of limitations.

For these reasons, the court will issue an appropriate order dismissing this matter as untimely.

Entered: December 14, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

3